UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Civil No. 06-2319 (JRT/FLN) |
| Plaintiff, | **ORDER** |
| v. | |
| JOSEPH P. MICATROTTO, SR., | |
| Defendant. | |

**FINAL JUDGMENT AS TO DEFENDANT JOSEPH P. MICATROTTO**

The Securities and Exchange Commission having filed a Complaint and Defendant Joseph P. Micatrotto, Sr., a/k/a Joseph P. Micatrotto ("Micatrotto") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Micatrotto and Micatrotto's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Micatrotto and Micatrotto's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Micatrotto and Micatrotto's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-14] by, directly or indirectly, failing to include certifications in the form required by the Rule or by including certifications that are false.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Micatrotto and Micatrotto's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rules 13b2-1 and 13b2-2 promulgated thereunder [17 C.F.R. §§ 240.13b2-1, 240.13b2-2], by:

(a) knowingly falsifying any book, record or account required to be kept under Section 13(b)(2) of the Exchange Act;

(b) making, or causing to be made, a materially false or misleading statement to an accountant in connection with:

i. an audit, review, or examination of the financial statements of an issuer required to be made under Section 13 of the Exchange Act; or

        ii.        the preparation or filing of any document or report required to be filed with the Commission under Section 13 of the Exchange Act; or

(c) omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with:

        i.        an audit, review, or examination of the financial statements of an issuer required to be made under Section 13 of the Exchange Act; or

        ii.        the preparation or filing of any document or report required to be filed with the Commission under Section 13 of the Exchange Act.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Micatrotto and Micatrotto's agents, servants, employees, attorneys, assigns and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rules 14a-3 and 14a-9 [17 C.F.R. §§ 240.14a-3 and 240.14a-9] thereunder, by, among other things, using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of such person's name to solicit proxies, consents, authorizations or notices of meetings in respect of an issuer's securities which contain statements

which are false and misleading with respect to material facts or omit to state material facts necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which became false or misleading or which fail to furnish information required under Exchange Act Rule 14a-3.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Micatrotto and Micatrotto's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(a), 78m(b)(2)] and Rules 12b-20, 13a-1, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-13] by knowingly providing substantial assistance to an issuer that:

(a) as to any quarterly report required by Section 13 of the Exchange Act, fails to file a report with the Commission that conforms to generally accepted accounting principles;

(b) fails to make or keep books, records, and accounts, which in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer;

(c) fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions are recorded as necessary to

       permit the preparation of financial statements in conformity with generally accepted accounting principles;

(d)     as to any annual report required by Section 13 of the Exchange Act, fails to file a report with the Commission that conforms to generally accepted accounting principles; or

(e)     as to any statement or report required by Section 13 of the Exchange Act, fails to include such information as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. §78u(d)(2)], Micatrotto is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Micatrotto is liable for disgorgement of $65,000.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $9,638.29, for a total of $74,638.29. Micatrotto shall satisfy this obligation by paying $74,638.29 within ten (10) business days to the Clerk of this Court, together with a cover letter identifying him as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Micatrotto

shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Micatrotto relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to him. The Clerk shall deposit the funds into an interest bearing account. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Micatrotto shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Micatrotto shall pay a civil penalty in the amount of $500,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Micatrotto shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Micatrotto as a defendant in this action; setting forth the title and civil

action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Micatrotto shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

**X.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, that Micatrotto voluntarily consents to the entry of this Final Judgment without admitting or denying the allegations of the Commission's Complaint against him (except as to personal and subject matter jurisdiction), and that Micatrotto shall comply with all of the undertakings and agreements set forth therein.

**XI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**XII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED:   June 21, 2006
at Minneapolis, Minnesota.

       s/ John R. Tunheim_
JOHN R. TUNHEIM
United States District Judge